**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELIEZER PEREIRA DOMINGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-01324 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Eliezer Pereira Dominguez's Petition for Habeas Corpus (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 7). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Respondents do not dispute the following facts. Petitioner is a non-citizen who entered the United States without inspection in 2022. ECF No. 7 at 2. ICE served a Notice to Appear ("NTA") charging the Petitioner with removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.* Petitioner was then released on recognizance subject to certain conditions. *See* ECF No. 1 – Ex. 1 at 4.

1 / 3

There is no evidence in the record that Petitioner failed to comply with any condition of his release. Nonetheless, Respondents re-detained Petitioner in October of 2025. ECF No. 1 at 6. He remains in custody in Conroe, Texas. *Id.* at 7. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.   ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.   RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must allow them the opportunity to notify a family member or acquaintance of the details of his release from custody **no less than three hours** prior to his release.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 23, 2026,** informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 19, 2026.

Keith P. Ellison
United States District Judge